```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE WESTERN DISTRICT OF TENNESSEE
                              WESTERN DIVISION
```

|  |  |
|---|---|
| STEVE TUGGLE, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| vs. | )  No. 12-2877-JTF-cgc |
|  | ) |
| KELLY SERVICES, | ) |
|  | ) |
| Defendant. | ) |

                             ORDER OF DISMISSAL
              ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
                                    AND
            ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

On October 5, 2012, Plaintiff Steve Tuggle, a resident of Memphis, Tennessee, filed a pro se complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., accompanied by a motion seeking leave to proceed in forma pauperis. (ECF No. 1, ECF No. 2.) The Court issued an order on October 9, 2012, granting leave to proceed in forma pauperis. (ECF No. 3.) The Clerk shall record the defendant as Kelly Services.

The Court is required to screen in forma pauperis complaints and to dismiss any complaint, or any portion thereof, if the action

   (i)   is frivolous or malicious;

   (ii)  fails to state a claim on which relief may be granted; or

   (iii) seeks monetary relief against a defendant who is immune
         from such relief.

28 U.S.C. § 1915(e)(2).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009), and in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007), are applied. Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; see also Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would ipso facto fail to state a claim upon which relief can be granted." Hill, 630 F.3d at 470 (internal citation omitted).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give judges not only the authority to dismiss a claim based on an

2

> indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness.

Id. at 471 (internal citations & quotation marks omitted).

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383 (internal quotation marks omitted). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks omitted); Payne v. Secretary of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); cf. Pliler v. Ford, 542 U.S. 225, 231, 124 S. Ct. 2441, 2446, 159 L. Ed. 2d 338 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of pro se litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility

does not encompass advising litigants as to what legal theories they should pursue."), petition for cert. filed (U.S. Aug. 5, 2011) (No. 11-5908).

Plaintiff has sued under Title VII, which prohibits employers from discriminating against employees on the basis of their race, color, religion, sex, or national origin, 42 U.S.C. § 2000e-2(a), or for retaliating against employee who oppose unlawful employment practices or who participate in an investigation, proceeding, or hearing under Title VII, id. § 2000e-2(a).  Plaintiff did not indicate in section nine of the form complaint that Defendant discriminated on the basis of any prohibited characteristic.  The allegations of the complaint state:

> I, Steve Tuggle are suing Kelly Services for descriminationt [sic]; After 4 years off [sic] laying me off I felt descriminated [sic] against when John who was a caucasion [sic] male fired me for asking for a back brace before starting to load a truck. I also felt I was descriminated [sic] against when after 3 years of being laid off Kelly Service refused to hire me for Johnson and Johson while complain to the EEOC I finally have my lawsuit. Kelly Service told me I could never be hired again threw Kelly's because I was in the computers for insubordination which is a lie. QC, Dockstocker are the positions

(ECF No.1 at 3.)

Plaintiff did not attach a charge of discrimination as an exhibit to the complaint.  The allegations of the complaint provide no factual basis demonstrating that Plaintiff suffered an adverse employment action for which Defendant should be held liable. To the extent that Plaintiff intended to file his complaint under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111, et seq., there is no

allegation that Defendant failed to employ him because of a disability. The complaint alleges that Plaintiff was not re-employed by or hired out through Defendant because of a record of insubordination. (ECF No. 1 at 3.)

Therefore, the Court DISMISSES the Complaint for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Judgment shall be entered for Defendant.

The Court must also consider whether Plaintiff should be allowed to appeal this decision in forma pauperis, should he seek to do so. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

Pursuant to the Federal Rule of Appellate Procedure 24(a), a non-prisoner desiring to proceed on appeal in forma pauperis must obtain pauper status. See Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party was permitted to proceed in forma pauperis in the district court, he may also proceed on appeal in forma pauperis without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed in forma pauperis in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is

5

taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal in forma pauperis. Leave to proceed on appeal in forma pauperis is, therefore, DENIED.[1]

    IT IS SO ORDERED this 29th day of October, 2012.


                                            *s/ John T. Fowlkes, Jr.*
                                            JOHN T. FOWLKES, JR.
                                            UNITED STATES DISTRICT JUDGE

---

[1] If Plaintiff files a notice of appeal, he must also pay the full $455 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.